UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JUAN CRUZ PEDRAZA,

Petitioner,

v.

CHRISTOPHER J. LAROSE, et al.,

Respondents.

Case No.:  26v2697-LL-MSB

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

[ECF No. 9]

Before the Court is Petitioner Juan Cruz Pedraza's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 9 ("Pet."). Respondents filed a Return in opposition to the Petition [ECF No. 10 ("Ret.")], and Petitioner filed a Traverse [ECF No. 11]. For the reasons set forth below, the Court **GRANTS** the Petition and **ORDERS** an immediate release.

**I.      BACKGROUND**

Petitioner, a native of Mexico, entered the United States without detection around 1990 and has since lived in Escondido. ECF No. 9-1, Declaration of Juan Cruz Pedraza ("Pedraza Decl.") ¶¶ 1–2. On December 15, 2025, Petitioner was parked at a gas station in Poway when two unmarked cars blocked his truck. *Id.* ¶ 3. The officers got out of the cars, identified themselves as ICE officers, and asked Petitioner if he had documentation. *Id.*

When Petitioner replied that he did not want to answer, an officer showed him a piece of paper with Petitioner's picture on it and asked if it was him. *Id*. Petitioner said yes and was arrested. *Id*. According to Petitioner, no one from ICE showed him a warrant for his arrest. *Id*. ¶ 4. And Respondents do not dispute this. *See generally* Ret.

After he was detained in December 2025, Petitioner did not receive a bond determination hearing. Pedraza Decl. ¶ 5. However, Petitioner did have a hearing during which a judge told him that they did not have jurisdiction to consider him for bond. *Id*.

On May 21, 2026, Petitioner filed the instant Amended Petition, alleging that he was arrested without a warrant and that he is wrongfully detained under 8 U.S.C. §1225(b), instead of §1226(a). Pet. at 4–10. He seeks a writ of habeas corpus directing Respondents to immediately release him from custody, or in the alternative, an individualized bond hearing. *Id*. at 11.

## II.    LEGAL STANDARD

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Hamdi v. Rumsfeld*, 542 U.S. 507, 536 (2004) (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) ("Section 2441 habeas proceedings are available as a forum for statutory and constitutional challenges to post-removal-period detention."); *see also Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order.").

/ / /

/ / /

/ / /

## III.   DISCUSSION

Petitioner claims that he was arrested without a warrant in violation of 8 U.S.C. § 1226(a) and thus is entitled to an immediate release. Pet. at 9-11. Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), not §1226(a). Ret. at 2. However, Respondents do not dispute Petitioner's claim that Petitioner was arrested without a warrant. *See generally* Ret. The Court agrees with Petitioner and finds that he is wrongfully detained under section 1225(b).

As a noncitizen who, at the time of his detention, had been at liberty in the United States for over 25 years, Petitioner was and is subject to section 1226(a), which states that a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). By contrast, section 1225(b) applies to noncitizens arriving at the border or who very recently entered the United States. *See Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *4–7 (S.D. Cal. Nov. 4, 2025). As the Supreme Court explained, the government may "detain certain [noncitizens] seeking admission into the country under §§ 1225(b)(1) and (b)(2)," while § 1226(a) allows the government to "detain certain [noncitizens] *already in the country* pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis added). The Court adopts its reasoning stated in *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *4–7 (S.D. Cal. Nov. 4, 2025) and finds the appropriate remedy is a bond hearing pursuant to 8 U.S.C. § 1226(a).

Nevertheless, the Court finds that immediate release, rather than a bond hearing, is the appropriate remedy for this case. First, Petitioner already had a hearing in which a judge told him that they did not have jurisdiction to consider him for bond (Pedraza Decl. ¶ 5), presumably citing *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). However, the Court is not bound by *Matter of Yajure Hurtado*'s interpretation of 8 U.S.C. §§ 1225 and 1226. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024) ("[C]ourts must exercise independent judgment in determining the meaning of statutory provisions."). After *Loper Bright*, federal courts "may look to agency interpretations for guidance, but do not

defer to the agency." *Lopez v. Garland*, 116 F.4th 1032, 1036 (9th Cir. 2024). For the reasons stated in this Order, the Court finds *Matter of Yajure Hurtado* unpersuasive. *See Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 n.5 (E.D. Cal. 2025); *Garcia v. LaRose*, No. 25CV2936-BTM-MMP, 2025 WL 3248746, at *2 (S.D. Cal. Nov. 20, 2025).

Second, a noncitizen may only be arrested and detained pending a decision on removal "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). In other words, the "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) (quoting *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025)). When the government does "not comply with the plain language of section 1226(a), [a petitioner's] immediate release is justified." *Chogllo Chafla*, 804 F. Supp. 3d at 264; *see also Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (internal citation omitted)).

Here, Petitioner claims, and Respondents do not dispute, that Petitioner was arrested by ICE without a warrant. Thus, this Court finds that Petitioner's arrest and detention are unauthorized and that the appropriate remedy for unlawful detention is release. *See e.g.*, *Mayen v. Warden, California City Det. Ctr.*, No. 1:26-CV-02354-DAD-AC, 2026 WL 1158217, at *2 (E.D. Cal. Apr. 29, 2026) (ordering petitioner's immediate release where there was no evidence that the government issued a warrant for petitioner's arrest when he was detained); *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (holding that "[r]elease is an available and appropriate remedy for detention that lacks a lawful predicate."); *J.A.C.P.*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *8 ("Since the Government did not comply with the plain language of section 1226(a), petitioner's immediate release is justified.").

## IV.   CONCLUSION

For the reasons above, the Court **GRANTS** Petitioner's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and **ORDERS** Respondents to immediately

26cv2697-LL-MSB

release Petitioner within 48 hours. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED**.

Dated:  May 27, 2026

_____
Honorable Linda Lopez
United States District Judge

26cv2697-LL-MSB